tering or the forgery was offered into evidence. Further, proof of defendant's intent to defraud could be inferred from the act of uttering the forged check. *State v. Washington,* 570 S.W.2d 838, 843 (Mo.App.1978). Therefore, the trial court had ample evidence for conviction.

 However, even if defendant had offered an explanation disavowing knowledge the check was not genuine, reversal would not be required. It is within the discretion of the trier of fact to accept or reject such explanations, based on the reasonableness and credibility of the explanation. *State v. Seaman,* 625 S.W.2d 950, 953–54 (Mo.App. 1981).

Having chosen to stand on the uttered check and police report without explanation, defendant has no basis for appeal.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.

**STATE of Missouri, Respondent,**

v.

**William A. WARD, Jr., Appellant.**

**No. WD 33907.**

Missouri Court of Appeals,
Western District.

June 28, 1983.

L.R. Magee of Hines & Magee, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

ORDER

PER CURIAM:

This is a direct appeal from a jury conviction for the unlawful possession of a Schedule II controlled substance, in violation of § 195.020, RSMo 1978.

No jurisprudential purpose would be served by a written opinion. The judgment is affirmed.

All concur.

Rule 30.25(b).

**STATE of Missouri, Respondent,**

v.

**William A. WARD, Jr., Appellant.**

**No. WD33906.**

Missouri Court of Appeals,
Western District.

July 19, 1983.

L.R. Magee, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P.J., and KENNEDY and NUGENT, JJ.

ORDER

PER CURIAM:

Defendant appeals from a conviction by jury of forgery.

Affirmed under Rule 30.25(b).